UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAURICE RENALDO CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 1:12-CR-29-TRM-SKL-1 |
| ) | 1:16-CV-109-TRM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 73.) The government filed a response in opposition on April 22, 2013 (Docs. 75, 76), and Petitioner replied in turn (Doc. 77). For the reasons that follow, the petition (Doc. 73) will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

On April 8, 2014, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C § 922(g)(1), and possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (Docs. 56, 60.) Based on four prior Tennessee convictions for selling cocaine (Presentence Investigation Report ("PSR") at ¶¶ 35–38), and two prior Tennessee convictions for possessing cocaine for resale (*Id.* at ¶¶ 34, 39), Petitioner was deemed to be an armed career criminal subject to the statutory fifteen-year minimum under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), (*Id.* at ¶¶ 28, 67, 68). On June 30, 2014, he received a 180-month term of incarceration and five years' supervised release. (Doc. 69.)

No appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on July 14, 2014, at the expiration of time to appeal. *See Sanchez-Castellano v.*

*United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). On June 26, 2015, the Supreme Court invalidated the residual provision of the ACCA for unconstitutional vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Less than one year later, Petitioner filed the instant timely petition for collateral relief from his ACCA sentence in light of *Johnson*. (Doc. 73.)

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson's* invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on

2

collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The petition falls safely within the one-year period for requesting relief.

III. **STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

IV. **ANALYSIS**

The petition contains a single ground of collateral attack, arguing *Johnson* removed an unspecified number of Petitioner's prior convictions from § 924(e)'s definition of "violent felony" and, as a result, that Petitioner can no longer be classified as an armed career criminal subject to the ACCA's enhanced mandatory minimum sentence. (Doc. 73.)

A. **Categorization as Career Offender after *Johnson v. United States***

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a

3

controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 U.S. Dist. LEXIS 132307, at *34–35 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an

4

offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief.

All six of Petitioner's prior drug convictions—the 1990 conviction for possession of crack cocaine for resale (PSR at ¶ 34), all four 1992 convictions for sale and delivery of cocaine [*Id.* ¶ 35–38], and the 1994 conviction for possession of cocaine for resale (*Id.* at ¶ 39)—qualify as "serious drug offenses" because, as Class B violations of Tennessee Code Annotated § 39-17-417(a), each involved the possession of a controlled substance with intent to distribute and carried a maximum potential penalty of thirty years' imprisonment under Tennessee Code Annotated § 40-35-111(b)(2) (*See generally* Doc. 76-1 (state judgments)). *Johnson* is inapposite. *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

### IV. CONCLUSION

For the reasons discussed above, the petition for collateral relief (Doc. 73) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the

5

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

6